IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK SEAN BUTLER,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-3013** |
| : | |
| **JANINE DONATE,** *et al.*, : | |
| Defendants. : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                                **JULY 7, 2020**

Plaintiff Patrick Sean Butler, a prisoner incarcerated at the Lehigh County Jail, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims based on assorted conditions of his confinement.  He seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Butler leave to proceed *in forma pauperis*, dismiss his Complaint, and give Butler an opportunity to file an amended complaint.

**I.       FACTUAL ALLEGATIONS**

Butler's named the following Defendants in his Complaint: (1) Janine Donate, identified as "Director"; (2) Kyle Russell, Warden of the Lehigh County Jail; (3) Amanda Benner, identified as a Prime Care Administrator; (4) Elizabeth Moore, identified as Prime Care Director of Nursing; (5) Sergeant Cramer; (6) Lieutenant Donate (presumably a different individual than Janine Donate); and (7) Prime Care Medical, an entity that provides medical services to inmates at the Lehigh County Jail.  The Court understands Butler to be pursing constitutional claims based on the conditions of his confinement at the Lehigh County Jail.

1

Butler's Complaint is sparse. Butler alleges that he "got very sick" in "late December" and "was denied any medical treatment." (Compl. ECF No. 2 at 5.)[1] He does not provide further information about that illness or his symptoms. Butler alleges that in March, an employee in the kitchen came to work even though she was sick with the coronavirus; she allegedly coughed and sneezed on "everything" and did not wear gloves or a mask when handling food. (*Id.*) Butler alleges that he fell ill, presumably with the coronavirus, and lost his sense of smell. (*Id.*) He claims that he was neither quarantined nor given medical attention. (*Id.*)

Butler alleges that he attempted to grieve these matters, but that his grievances were either ignored or denied. (*Id.*) He also claims that he was retaliated against; although the specifics of that allegation are unclear. (*Id.*) He adds that his recreation time was "taken away" and that he "lost [his] job." (*Id.*) Butler also claims that he was "made fun of by the Director as well as Lt. Donate saying this is above my pay grade." (*Id.*) Butler seeks $300,000 in damages. (*Id.*)

Butler attached numerous grievances as exhibits to his Complaint. (*Id.* at 7-42.) Those grievances reflect Butler's allegations that his medical needs are being ignored and that his grievances are being ignored. However, they do not provide any insight into the condition for which he sought treatment in December. Butler also grieved matters related to his concerns that the Lehigh County Jail was not taking adequate precautions to address the pandemic caused by COVID-19, in particular, that a kitchen staff member was symptomatic on the job and that Prime Care nurses were not wearing masks and gloves in March. He further grieved that Sergeant Cramer threatened him and spoke to him in a hostile manner for filing grievances.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

**II.     STANDARD OF REVIEW**

The Court grants Butler leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Butler is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it

---

[2] However, as Butler is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court understands Butler to be raising constitutional claims based on alleged deliberate indifference to his medical needs in relation to an illness he suffered in December and again after he apparently was infected with COVID-19, as well as claims for retaliation. Construing the Complaint together with the grievances attached as exhibits, it appears he is also challenging the conditions of his confinement related to the facility's handling of the COVID-19 pandemic. However, for the reasons discussed below, these claims fail as pled.

Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components.³ *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). To satisfy the objective component, inmates must demonstrate that they are "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Id.* In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

Similarly, to state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious

---

³ The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, which the Fourteenth Amendment applies to pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). It is not clear from the Complaint whether Butler was a pretrial detainee or convicted inmate at the time of the relevant events, so it is therefore unclear which amendment applies. The Complaint also refers to the Fifth Amendment, but there is no basis for a Fifth Amendment claim here.

medical needs.  *See Farmer*, 511 U.S. at 835.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

      In order to state a plausible First Amendment retaliation claim, a prisoner must allege that:  (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, No. 19-2580, 2020 WL 2125780, at *3 (3d Cir. May 5, 2020).

      Importantly, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First*

*Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015).  First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*.

Furthermore, a private corporation under contract to provide prison health services may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

The Complaint, as pled, does not state a claim against the named Defendants.  That is because Butler's allegations are generalized and vague; he does not clearly allege how each Defendant was responsible for or involved in the claimed constitutional violations and he appears to be relying exclusively on exhibits to state his claim, which still do not clearly allege each Defendant's involvement in the events in question.  *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per

7

curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a)."). Since Butler is suing seven Defendants and raising assorted claims that are based on different events and time-frames, the vague and unclear manner in which he pled his Complaint makes it difficult for the Court to understand which claims can be fairly understood to be brought against each Defendant and each Defendant's alleged culpability in the alleged constitutional violations.  *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective use of the word "Defendants" "'fail[ed] to name which specific Defendant engaged in the specific conduct alleged.'").  Butler also has not alleged a policy or custom of PrimeCare that would support a claim against that entity.  In sum, Butler's Complaint fails as pled because he has not alleged a clear basis for a plausible claim against any of the Defendants.[4]

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Butler's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, the Court will give Butler an

---

[4] Additionally, any claims based on the handling of grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).  It is also worth noting that "[m]erely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege [a] . . . deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (per curiam); *Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (per curiam) ("The District Court properly determined that Defendants Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue]."); *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (per curiam) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews.").  Accordingly, in the event any of Butler's claims were based solely on a given Defendant's response or failure to respond to his grievances, he has not stated a basis for a plausible claim.

opportunity to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can cure the defects in his claims.[5]  An appropriate Order follows, which provides further instruction as to amendment.

           **BY THE COURT:**

           **/s/ Juan R. Sánchez**
           **JUAN R. SÁNCHEZ, C.J.**

---

[5] To the extent Butler intended to pursue claims under state law, the Court will dismiss those claims because there is no independent basis for subject matter jurisdiction given the dismissal of Butler's federal claims.  *See* 28 U.S.C. § 1332(a).